**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**ANGEL MARIO QUIROZ CASTILLO,**

Petitioner,

v.

ROBERT CERNA, Acting Field Office Director, Enforcement and Removal Operations, Dallas Field Office, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, Acting U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and THE WARDEN of the Prairieland Detention Center,

Respondents.

Case No. 3:26-cv-4086

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Agency No. A-222-595-625

## PETITION FOR WRIT OF HABEAS CORPUS

## INTRODUCTION

1. Petitioner Angel Mario Quiroz Castillo ("Petitioner") brings this Petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his ongoing civil immigration detention without any bond hearing or individualized custody determination. Petitioner is in the physical custody of Respondents at the Prairieland Detention Center, 1209 Sunflower Lane, Alvarado, Texas 76009. He has been detained since August 2026, and has never received a bond hearing or any individualized determination that his detention is justified.

2. Petitioner was brought to the United States as a child of seven or eight years old, in or around January 1995 or January 1996, and has lived here continuously for approximately thirty years. He has lived at the same address in Nevada, Texas, since November 2009. He is married to a United States citizen, and he is the father of three United States citizen children,

ages 15, 11, and 8. He has worked as an electrician for approximately twenty years. The only criminal charge filed against him in the last two decades, an August 2026 theft charge, was dismissed on September 28, 2026.

3. Respondents hold Petitioner without bond on the theory that he is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and that immigration judges have no authority to redetermine his custody. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Petitioner contends that his detention is governed by 8 U.S.C. § 1226(a), which permits release on bond, and that detaining him indefinitely without any individualized hearing violates the Due Process Clause of the Fifth Amendment.

4. Petitioner acknowledges, consistent with counsel's duty of candor, that binding Fifth Circuit precedent currently forecloses both claims in this Court. In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit adopted the Government's reading of § 1225(b)(2)(A). And on October 23, 2026, the en banc Fifth Circuit held in *Rodriguez v. Vergara*, 193 F.4th 837 (5th Cir. 2026) (en banc) ("*Sosnava Rodriguez*"), that noncitizens detained under that provision have no due process right to a bond hearing.

5. Petitioner nonetheless files this Petition because the controlling question is now before the Supreme Court. On October 1, 2026, the Supreme Court granted certiorari in *Rhoney v. Barbosa da Cunha*, No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026), to decide whether § 1225(b)(2)(A) mandates the detention, pending removal proceedings, of noncitizens who are present in the United States without having been admitted. If the Supreme Court affirms the Second Circuit, *Buenrostro-Mendez* will be abrogated and Petitioner will be entitled to a bond hearing under § 1226(a). Petitioner asks the Court to retain jurisdiction and hold this Petition in abeyance pending that decision, and he pleads each claim to preserve it.

6. Independently and in the alternative, Petitioner asserts his rights as a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). He acknowledges that the Ninth Circuit has stayed the class-wide relief outside the Central District of California, and he pleads the claim to preserve it.

## JURISDICTION

7. Petitioner is in the physical custody of Respondents at the Prairieland Detention Center, 1209 Sunflower Lane, Alvarado, Johnson County, Texas 76009. Johnson County lies within the Dallas Division of the Northern District of Texas. 28 U.S.C. § 124(a)(1).

8. This Court has jurisdiction under 28 U.S.C. § 2241(c) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, Section 9, Clause 2 of the United States Constitution (the Suspension Clause).

9. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

10. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493–500 (1973), venue lies in the United States District Court for the Northern District of Texas, the judicial district in which Petitioner is detained.

11. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events and omissions giving rise to the claims occurred in the Northern District of Texas.

## REQUIREMENTS OF 28 U.S.C. § 2243

12. The Court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted," and the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.

13. Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

## PARTIES

14. Petitioner Angel Mario Quiroz Castillo (A-222-595-625) is a citizen of Mexico, born November 2, 1987, who has been in immigration detention since August 2026. ICE did not set bond following his arrest, and Petitioner has not received a bond hearing before an immigration judge. Upon information and belief, Respondents assert that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an "applicant for admission."

15. Respondent Robert Cerna is the Acting Director of the Dallas Field Office of ICE's Enforcement and Removal Operations division. As such, he is responsible for Petitioner's detention and removal. He is sued in his official capacity.

16. Respondent Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security. He is responsible for the implementation and enforcement of the Immigration and Nationality Act ("INA") and oversees ICE, the agency responsible for

Petitioner's detention. He has ultimate custodial authority over Petitioner and is sued in his official capacity.

17. Respondent U.S. Department of Homeland Security ("DHS") is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

18. Respondent Todd Blanche is the Acting Attorney General of the United States. He is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates are components. He is sued in his official capacity.

19. Respondent Executive Office for Immigration Review ("EOIR") is the federal agency responsible for adjudicating removal proceedings under the INA, including custody redeterminations in bond hearings.

20. Respondent Warden of the Prairieland Detention Center is the warden of the facility where Petitioner is detained and has immediate physical custody of Petitioner. The Warden is sued by official title and in his or her official capacity; Petitioner will amend to name the Warden individually if and when his or her identity is confirmed.

## STATEMENT OF FACTS

### A. Petitioner's Thirty Years in the United States

21. Petitioner was born in Mexico on November 2, 1987. He was brought to the United States as a child of seven or eight years old, in or around January 1995 or January 1996, entering without inspection. He was not apprehended or processed by U.S. Customs and Border Protection upon entry. He has resided continuously in the United States since that time, approximately thirty years.

22. Petitioner has lived at 17613 Soman Drive, Nevada, Texas 75173, since November 2009. He has worked as an electrician for approximately twenty years.

23. Petitioner is married to Anabel Arreguin, a United States citizen born in Dallas, Texas, on December 30, 1989. The couple have been together since she was fifteen years old. Petitioner and his wife have three United States citizen children, all born in Dallas, Texas: Dannely Belle Quiroz, born November 27, 2010; Violet Isabelle Quiroz, born July 5, 2015; and Angel Benjamin Quiroz, born February 5, 2018. Petitioner's father is a United States citizen, and his mother is a lawful permanent resident of the United States.

24. Because of his long residence and his United States citizen wife and children, Petitioner is prima facie eligible to apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1), and he intends to pursue that relief, as well as protection under 8 U.S.C. § 1231(b)(3) and the Convention Against Torture, in his removal proceedings. That pending relief gives him every incentive to appear for all hearings.

**B. Petitioner's Criminal History**

25. On September 18, 2005, when he was seventeen years old, Petitioner was arrested in Dallas County, Texas, and charged with burglary of a vehicle, a Class A misdemeanor. On November 28, 2005, in *State of Texas v. Quiroz, Angel Mario*, Cause No. MA0529014-F (County Criminal Court No. 5, Dallas County, Texas), the court deferred adjudication and placed Petitioner on twelve months of community supervision with a $250 fine. No term of confinement was imposed. On January 2, 2007, the court found that Petitioner had paid all fines and costs and complied with the terms and conditions of his supervision, set aside the finding, dismissed the charge, and discharged him from community supervision.

26. According to Petitioner's wife, Petitioner was a back-seat passenger in a vehicle that was later determined to be stolen, and he was offered, and accepted, a reduction of his term of supervision in exchange for writing an essay, so that he served approximately ten months of supervision. This account was provided to counsel by Petitioner's wife. Because Petitioner is detained and the events occurred more than twenty years ago, counsel has not been able to independently verify it in the time available, and it is offered on that basis.

27. In August 2026, Petitioner was arrested in Texas and charged with felony theft relating to copper. On September 28, 2026, the charge was dismissed for lack of evidence. Petitioner has no other arrests or convictions.

**C. Petitioner's Detention**

28. Following his August 2026 arrest, Petitioner was transferred to ICE custody in August 2026 and taken to the Prairieland Detention Center in Alvarado, Texas, where he remains detained.

29. On September 30, 2026, DHS personally served Petitioner, in Alvarado, Texas, with a Notice to Appear (Form I-862) placing him in removal proceedings under 8 U.S.C. § 1229a before the Houston Immigration Court. The Notice to Appear charges Petitioner only as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled. DHS marked the box for "an alien present in the United States who has not been admitted or paroled"; it did not designate Petitioner an "arriving alien," and it did not place him in expedited removal under 8 U.S.C. § 1225(b)(1). The Notice to Appear alleges that Petitioner entered the United States "at or near unknown place, on or about unknown date."

30. Petitioner appeared before an immigration judge at the Houston Immigration Court on November 5, 2026. As of the filing of this Petition, no further hearing has been scheduled, no decision has been entered, and his removal proceedings remain pending.

31. Petitioner is not detained under 8 U.S.C. § 1225(b)(1) or § 1231. No removal order has been entered against him, and his removal proceedings remain pending. Upon information and belief, Respondents have not invoked 8 U.S.C. § 1226(c) as a basis for Petitioner's detention.

32. ICE did not set bond, and no immigration judge has held a bond hearing or made any individualized determination that Petitioner is a danger to the community or a flight risk. As of the filing of this Petition, Petitioner has been detained since August 2026, approximately three months. Respondents' position, adopted in *Matter of Yajure Hurtado* and applied by immigration judges throughout this Circuit, is that Petitioner is not entitled to a bond hearing at any time, no matter how long his detention continues.

## LEGAL BACKGROUND

33. From the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 until 2025, DHS applied 8 U.S.C. § 1226(a) to the detention of noncitizens residing in the United States who entered without inspection and were awaiting a decision on removal. Under § 1226(a), detention is discretionary, and noncitizens may seek release on bond, with an initial custody determination by a DHS officer, see 8 C.F.R. § 1236.1(c)(8), redetermination by an immigration judge, see 8 C.F.R. §§ 1003.19(d), 1236.1(d)(1), and appeal to the Board of Immigration Appeals, see 8 C.F.R. § 1236.1(d)(3).

34. In July 2025, ICE issued interim guidance reinterpreting the INA to treat noncitizens residing in the United States who entered without inspection, no matter how long

ago, as "applicants for admission" subject to mandatory detention under § 1225(b)(2)(A). In September 2025, the Board of Immigration Appeals adopted that interpretation, concluding that immigration judges have no authority to redetermine the custody of such noncitizens. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025).

35. On November 20 and 25, 2025, the United States District Court for the Central District of California granted partial summary judgment and certified a nationwide class in *Maldonado Bautista v. Santacruz*, declaring that Bond Eligible Class members are detained under § 1226(a) and may not be denied consideration for release on bond under § 1225(b)(2)(A). 2025 WL 3289861, at *11; 2025 WL 3288403, at *9. The Ninth Circuit has since stayed the class-certification order and judgment pending appeal insofar as they extend beyond the Central District of California. *Bautista v. U.S. Dep't of Homeland Sec.*, Nos. 25-7958 & 26-1044 (9th Cir.).

36. On February 6, 2026, the Fifth Circuit upheld the Government's statutory interpretation, holding that noncitizens who entered without inspection are subject to mandatory detention under § 1225(b)(2)(A). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506–08 (5th Cir. 2026).

37. On July 2, 2026, a panel of the Fifth Circuit held that due process requires a bond hearing for such noncitizens within ninety days of the start of detention. *Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. 2026), *vacated*, 181 F.4th 608 (5th Cir. 2026) (en banc). On October 23, 2026, the en banc court, by a vote of 10 to 7, reversed the district courts' grants of habeas relief, holding that noncitizens detained under § 1225(b)(2)(A) have no due process right to a bond hearing. *Sosnava Rodriguez*, 193 F.4th 837.

38. Other courts of appeals have reached the opposite conclusions. The Second Circuit held that § 1225(b)(2)(A) does not govern the detention of long-time residents arrested in the interior, who are instead detained under § 1226(a). *Barbosa da Cunha v. Freden*, 175 F.4th 61, 85–86, 93–96 (2d Cir. 2026); *see also Lopez Garcia v. Guadian*, 190 F.4th 305, 317, 333–35 (4th Cir. 2026). The Third and Sixth Circuits have held that detaining long-term residents arrested in the interior under § 1225(b)(2)(A) without a bond hearing violates due process. *Buele Morocho v. Warden Phila. FDC*, 189 F.4th 287, 305–07 (3d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732–34 (6th Cir. 2026).

39. On October 1, 2026, the Supreme Court granted the Government's petition for certiorari in *Rhoney v. Barbosa da Cunha*, No. 26-104, to decide whether § 1225(b)(2)(A) mandates the detention pending removal proceedings of noncitizens who are present in the United States without having been admitted. A decision is expected by the end of the October 2026 Term. If the Supreme Court affirms, Petitioner, like the respondent in that case, will be detained under § 1226(a) and entitled to seek release on bond.

**FIRST CLAIM FOR RELIEF**
**Violation of the INA: Detention Under 8 U.S.C. § 1225(b)(2)(A)**
**Instead of 8 U.S.C. § 1226(a)**

40. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

41. Section 1225(b)(2)(A) applies to an "applicant for admission" whom "the examining immigration officer determines" is "seeking admission" and "is not clearly and beyond a doubt entitled to be admitted." Petitioner, who has lived in the interior of the United States for approximately thirty years and was arrested in Texas, is not "seeking admission" within the meaning of that provision. DHS's own charging document confirms as much: it

charges him as a noncitizen "present in the United States" without admission, declines to designate him an "arriving alien," and places him in full removal proceedings under § 1229a rather than expedited removal under § 1225(b)(1). His detention is governed by § 1226(a), which entitles him to an individualized custody determination and to seek release on bond.

42. Petitioner acknowledges that *Buenrostro-Mendez*, 166 F.4th 494, adopted a contrary construction of § 1225(b)(2)(A) that binds this Court. Petitioner respectfully maintains that *Buenrostro-Mendez* was wrongly decided, for the reasons given by the Second Circuit in *Barbosa da Cunha*, 175 F.4th 61, and he asserts this claim to preserve it pending the Supreme Court's decision in *Rhoney v. Barbosa da Cunha*, No. 26-104.

43. Because the Supreme Court's decision in *Rhoney* is likely to control the outcome of this claim, the Court should retain jurisdiction and hold this Petition in abeyance pending that decision, rather than dismiss it. A district court has inherent power to stay proceedings in the interest of economy of time and effort for itself, for counsel, and for litigants, provided the stay is not immoderate. *Landis v. North American Co.*, 299 U.S. 248, 254–57 (1936); *see Rodriguez v. Blanche*, 839 F. Supp. 3d 564 (W.D. Tex. 2026) (applying *Landis* to a request to stay a § 2241 petition). The stay Petitioner requests is his own, so it imposes no hardship on any other party, and it is bounded: the Supreme Court is expected to decide *Rhoney* by the end of its October 2026 Term.

44. In the alternative, if the Court declines to hold this Petition in abeyance, Petitioner requests that any dismissal be without prejudice to the filing of a new petition after the Supreme Court decides *Rhoney*. *See Singh v. Mullin*, No. 3:26-CV-01891, 2026 WL 3086704 (W.D. La. Oct. 15, 2026) (denying petition without prejudice to a new action after the Supreme Court's decision in *Rhoney*).

45. To the extent Respondents contend that Petitioner is detained under 8 U.S.C. § 1226(c)(1)(E) because of his August 2026 arrest, that provision does not apply. It reaches a noncitizen who "is charged with" or "is arrested for" a theft offense, and the charge against Petitioner was dismissed on September 28, 2026. Courts reading the provision's present-tense text have held that it does not mandate detention once the qualifying charge has been dismissed. *See Sidqui v. Almodovar*, 823 F. Supp. 3d 364 (S.D.N.Y. 2026); *Baillard v. U.S. Immigr. & Customs Enf't Field Off.*, No. 26-CV-911-LM-TSM, 2026 WL 3333302 (D.N.H. Nov. 4, 2026); *Castellanos Guerra v. Mullin*, No. 4:26-CV-430-RGJ, 2026 WL 3027146 (W.D. Ky. Oct. 8, 2026).

**SECOND CLAIM FOR RELIEF**
**Violation of the Due Process Clause of the Fifth Amendment:**
**Detention Without Any Individualized Custody Determination**

46. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

47. The Due Process Clause of the Fifth Amendment protects "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Freedom from physical restraint "lies at the heart of the liberty that Clause protects." *Id.* at 690; *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992).

48. Under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), each factor favors Petitioner. His interest in freedom from physical confinement is fundamental. The risk of erroneous deprivation is total, because Respondents provide no individualized process at all. And the Government has no legitimate interest in detaining, without any hearing, a thirty-year

resident with a United States citizen wife and children, a stable home and job, and pending applications for relief, who presents neither a danger to the community nor a risk of flight.

49. Petitioner acknowledges that the en banc Fifth Circuit rejected this claim in *Sosnava Rodriguez*, 193 F.4th 837, and that its decision binds this Court. Petitioner respectfully maintains that the decision is incorrect, for the reasons given by the seven dissenting judges and by the Third and Sixth Circuits, *see Buele Morocho*, 189 F.4th at 305–07; *Lopez-Campos*, 175 F.4th at 732–34, and he asserts this claim to preserve it for further review, including review by the Supreme Court.

**THIRD CLAIM FOR RELIEF**
**In the Alternative: Violation of the INA;**
**Request for Relief Pursuant to the Judgment in *Maldonado Bautista***

50. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

51. Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, as he: (a) does not have lawful status in the United States and is detained by ICE; (b) entered the United States without inspection more than ten years ago; and (c) is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.

52. Respondents are parties to *Maldonado Bautista* and are bound by its declaratory judgment, which has the "force and effect of a final judgment." 28 U.S.C. § 2201(a). Petitioner acknowledges that, in light of the Ninth Circuit's stay, the class-wide relief is not presently enforceable as to detainees outside the Central District of California, and he does not rest his request for immediate relief on it. He asserts this claim to preserve it should the stay be lifted or the judgment affirmed. Petitioner further acknowledges that a court in this District has declined to apply the *Maldonado Bautista* orders, *Perez Arellano v. Cerna*, 827 F. Supp. 3d 954 (N.D.

Tex. 2026), and respectfully submits that the question should be revisited should the Ninth Circuit affirm.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully prays that this Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Issue an order directing Respondents to show cause, within three days, why the writ should not be granted, 28 U.S.C. § 2243;

c. Order that Petitioner not be transferred outside the Northern District of Texas while this Petition is pending;

d. Retain jurisdiction and hold this Petition in abeyance pending the Supreme Court's decision in *Rhoney v. Barbosa da Cunha*, No. 26-104, and permit the parties to file supplemental briefing within fourteen days of that decision, or, in the alternative, dismiss this Petition without prejudice to the filing of a new petition after that decision;

e. Upon such decision, or should controlling law otherwise change, issue a writ of habeas corpus requiring Respondents to release Petitioner unless, within seven days of the Court's order, they provide a bond hearing under 8 U.S.C. § 1226(a) before a neutral decisionmaker;

f. In the alternative, and should the Ninth Circuit's stay of the class-wide judgment in *Maldonado Bautista v. Santacruz* be lifted or the judgment affirmed, issue a writ of habeas corpus requiring Respondents to release Petitioner unless, within seven days, they provide a bond hearing under 8 U.S.C. § 1226(a) pursuant to that judgment;

g. Declare that Petitioner's detention without any bond hearing or individualized custody determination violates the INA and the Due Process Clause of the Fifth Amendment;

h. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and on any other basis justified under law; and

i. Grant any other and further relief that this Court deems just and proper.

DATED this 20th day of November, 2026.

Respectfully submitted,

/s/ Elsa Soto
Elsa Soto
Texas Bar No. 24072357
The Law Office of Elsa Soto, PLLC
715 E. Whitney St.
Houston, Texas 77022
Tel: 832.800.3572
Fax: 832.408.7772
elsa@sotolawteam.com

**Attorney for Petitioner**

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I, Elsa Soto, am submitting this verification on behalf of Petitioner Angel Mario Quiroz Castillo because I am his attorney and he is detained. I have discussed with Petitioner and his family the events described in this Petition and have reviewed the records available to me. On that basis, I hereby verify that the factual statements made in this Petition are true and correct to the best of my knowledge, information, and belief.

Where this Petition identifies information as having been provided by Petitioner's family and not independently verified, I verify only that the information was reported to me as stated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on November 20, 2026, in Houston, Texas.

/s/ Elsa Soto
Elsa Soto
Attorney for Petitioner